**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MARQUAIL WATKINS, | ) CASE NO. 4:25-CV-02630-JRA |
| | ) |
| Plaintiff, | ) JUDGE JOHN R. ADAMS |
| | ) UNITED STATES DISTRICT JUDGE |
| | ) |
| v. | ) MAGISTRATE JUDGE |
| | ) CARMEN E. HENDERSON |
| PENNEX ALUMINUM COMPANY LLC, | ) |
| KENT JOHNSON, KRISTEN COLLEY, | ) **REPORT AND RECOMMENDATION** |
| SYDNEY WHITE, NATHAN MCMURRAY, | ) |
| | ) |
| Defendants, | ) |

### I.      Introduction

Currently before the Court is Plaintiff Marquail Watkins's motion to remand this matter to state court.  (ECF No. 9).  The motion was referred to the undersigned for preparation of a Report and Recommendation.  (ECF No. 12).  For the reasons set forth below, it is RECOMMENDED that the Court DENY Plaintiff's motion.

### II.      Procedural History

On October 23, 2025, Plaintiff Marquail Watkins ("Plaintiff") filed his complaint in the Mahoning County Court of Common Pleas, against his former employer, Pennex Aluminum Company, LLC ("Pennex"), alleging race discrimination, retaliation, and failure to promote under Ohio law.  (ECF No. 1-1).  Plaintiff also named as additional defendants Kent Johnson, a former supervisor for Pennex; Kristen Colley ("Colley"), a senior human resources generalist for Pennex; Sydney White, a human resources generalist for Pennex; and Nathan McMurray, an environmental health and safety manager for Pennex (together, "Individual Defendants"), alleging the Individual Defendants aided and abetted Pennex in discriminating against Plaintiff.  (*Id.*).

Pennex and Colley (together, "Removing Defendants") filed a notice of removal in this Court on December 3, 2025, alleging diversity jurisdiction.  (ECF No. 1).  Removing Defendants assert that Plaintiff is a citizen of Ohio; Pennex is a limited liability company ("LLC") whose sole member is Lefton Metal Enterprises Corporation, a Missouri corporation with its principal place of business in Missouri such that Pennex is a citizen of Missouri; and the citizenship of the Individual Defendants should be disregarded for purposes of determining jurisdiction because they were fraudulently joined to defeat jurisdiction.  (*Id.* at 2-3).  As to the amount in controversy, Removing Defendants assert that based on Plaintiff's prayer for "monetary damages including economic compensatory damages, non-economic compensatory damages, liquidated, treble, punitive, or other exemplary damages, reinstatement or, in the alternative, front pay, reasonable attorneys' fees, all costs and expenses, pre- and post-judgment interest, and all other legal and equitable relief available," it is more likely than not that Plaintiff seeks damages in excess of the $75,000.00 threshold.  (*Id.* at 5-7).

Consistent with their position that the Individual Defendants were fraudulently joined, Removing Defendants filed a motion to dismiss the Individual Defendants on December 9, 2025. (ECF No. 4, "Dismissal Motion").  Plaintiff requested an extension of time to respond to the Dismissal Motion, representing that he intended to file a motion for remand and asserting that such should be resolved before any ruling on the Dismissal Motion.  (ECF No. 5).  The Court granted Plaintiff's motion on December 15, 2025, such that Plaintiff's response to the Dismissal Motion is not due until two weeks after a ruling on Plaintiff's motion to remand.  (ECF No. 6; *see* ECF No. 5).

On December 30, 2025, Plaintiff filed his motion to remand to state court.  (ECF No. 9). The motion is fully briefed.  (ECF Nos. 9, 10, 11).

2

### III.    Applicable Law

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  District court have original jurisdiction over disputes "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and the civil action is between citizens of different states.  28 U.S.C. § 1332(a).  Thus, "[d]efendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants."  *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(a).

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. A defendant is fraudulently joined if it is clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012) (citation modified).  "The relevant inquiry is whether there is a colorable basis for predicting that a plaintiff may recover against a defendant." *Id.* at 432.  The applicable test is "similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Id.*  The removing party—as the party asserting jurisdiction—bears the burden of establishing fraudulent joinder. *Id.*

### IV.    Discussion

Here, there is no dispute that Plaintiff is a citizen of Ohio and that Pennex is a citizen of

Missouri[1] such that complete diversity exists between these parties. (*See* ECF No. 1-1 at 2; ECF No. 1 at 2-3). It is similarly undisputed that each of the Individual Defendants is, like Plaintiff, a citizen of Ohio such that their presence, if proper, destroys complete diversity. (*See* ECF No. 1-1 at 2-3). Thus, the relevant question is whether Removing Defendants have established that the Individual Defendants were fraudulently joined such that their citizenship should be disregarded for purposes of determining jurisdiction.[2]

In support of remand, Plaintiff alleges he brought two claims against each of the Individual Defendants: retaliation in violation of Ohio Revised Code § 4112.02(A) (Count Two) and aiding and abetting in violation of Ohio Revised Code § 4112.02(J) (Count Four). (ECF No. 9 at 2). Plaintiff argues that "[b]ecause Ohio is a notice-pleading state, Ohio law does not require a plaintiff to plead operative facts with particularity" and by stating that the Individual Defendants "treated him differently because of his race and participated in the decisions to suspend and terminate his employment," Plaintiff has pled facts that are "more than sufficient to put the individual Defendants on notice of a colorable claim against them." (*Id.* at 4-5).

Removing Defendants respond that "Plaintiff's threadbare allegations against the Individual Defendants do not give them reasonable notice as to Plaintiff's claims against them, such as which, if any, of the Individual Defendants supervised him, participated in the decision to terminate Plaintiff's employment, or committed any other allegedly discriminatory act or omission

---

[1] As an LLC, Pennex's citizenship is that of its members and sub-members. *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022). Pennex's sole member is a Missouri corporation with its principal place of business in Missouri such that it, and Pennex, are citizens of Missouri. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) ("[A] corporation is a citizen of the state in which it has been incorporated and of the state in which it has its principal place of business.") (internal quotation marks omitted).

[2] Plaintiff does not dispute Removing Defendants' assertion that the amount of controversy exceeds the jurisdictional threshold. (ECF No. 9 at 6). Defendants' representations include that Plaintiff's lost wages claim potentially totals $27,664, his backpay claim may amount to $41,496 (or more), and Plaintiff seeks additional damages. (ECF No. 1 at 5-6). The undersigned is satisfied that the amount in controversy is satisfied and will not discuss it further.

against him."  (ECF No. 10 at 1).  Removing Defendants argue that in determining whether Plaintiff has properly pled claims against the Individual Defendants, the federal pleading standard applies rather than Ohio's liberal pleading standard.  (*Id.* at 4).  Removing Defendants indicate that Plaintiff failed to exhaust his administrative remedies against the Individual Defendants, instead having only received a Notice of Right to Sue as to Pennex.  (*Id.* at 8-10).  Regarding Plaintiff's assertion that his retaliation claim was brought against the Individual Defendants as well as Pennex, Removing Defendants argue nothing in the complaint alerts the Individual Defendants that this claim was brought against them.  (*Id.* at 10).  As to the aiding and abetting claim, Removing Defendants argue the complaint is devoid of any factual allegations to support Plaintiff's claim against the Individual Defendants, rending them fraudulently joined such that remand is not warranted.  (*Id.* at 12-14).

Plaintiff replies that "[r]ather than meet their heavy burden of establishing fraudulent joinder, Defendants continue to make a Motion to Dismiss argument (which is clearly not the subject of the remand), ask the Court to apply federal pleading standards, weigh factual disputes, and adjudicate the merits of Plaintiff's Ohio law claims," which is "flatly inconsistent with Sixth Circuit precedent and Ohio law."  (ECF No. 11 at 1).  Plaintiff argues that fraudulent joinder is not analyzed under the standard applicable to Rule 12(b)(6) motions to dismiss but rather a more lenient standard.  (*Id.* at 2).  Additionally, Plaintiff argues that "[f]ederal courts may not impose heightened federal pleading standards when evaluating whether Ohio law provides a reasonable basis for liability."  (*Id.*).  Plaintiff also argues "[a] claim may be weak, inartfully pleaded, or even vulnerable to dismissal and still defeat removal."  (*Id.*).  As to exhaustion, Plaintiff argues the applicable statute "makes it abundantly clear that a party has the option to file a charge against the

employer and individuals or one or the other," such that Plaintiff was not required to file a separate charge as to the Individual Defendants.  (*Id.* at 5).

### A.  Appropriate Pleading Standard

The parties dispute the pleading standard the Court should apply in analyzing fraudulent joinder, with Removing Defendants relying on the federal standard and Plaintiff relying on the more lenient state standard.  "[I]t does not appear that the Sixth Circuit has explicitly stated whether district courts assessing fraudulent joinder should consider the claims in light of the pleading standard applicable in state court rather than the federal pleading standards (if they differ)."  *Garner v. SDH Servs. East, LLC*, 55 F. Supp. 3d 1016, 1022 (M.D. Tenn. 2014); *but see Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994) (instructing that "[i]n addressing the sufficiency of pleadings, we must look to state law" when determining if a defendant was fraudulently joined).  While many federal courts have applied the state pleading standards in determining fraudulent joinder, others have determined the federal standards apply based on Federal Rule of Civil Procedure 81(c)(1)'s provision that the federal rules "apply to a civil action after it is removed from a state court."  *Garner*, 55 F. Supp. 3d at 1022-23 (collecting cases).

Were the case to remain in federal court, under Rule 81(c)(1), the Federal Rules of Civil Procedure would apply.  Thus, when the Court ultimately addresses the pending motion to dismiss, the federal pleading standard will apply.  However, the current question is limited to whether to apply the state standard in determining whether remand is proper.  Based on the guidance from the Sixth Circuit that the fraudulent joinder analysis is similar to *but more lenient than* that applied in assessing whether a plaintiff failed to state a claim, it is most appropriate to apply the more lenient state pleading standard in determining whether there is a colorable basis under which a plaintiff can recover.  *See Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 489 (6th Cir.

2013) ("[I]f there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court.").  As one court explained, "[w]here a claim survives state pleading standards, it necessarily means the plaintiff did not join the defendant only to defeat diversity; indeed, the plaintiff has a viable claim under state pleading rules." *Red Hed oil, Inc. v. H.T. Hackney Co.*, 292 F. Supp. 3d 764, 771 (E.D. Ky 2017); *see Adair v. Bluegreen Vacations Unlimited, Inc.*, No. 3:19-cv-54, 2019 WL 13216610, at *4-5 (E.D. Tenn. Oct. 25, 2019) (determining state pleading standard should apply in fraudulent joinder analysis).

Ohio law requires a pleading to contain "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled."  Ohio Civ. R. 8(A).

> Because Ohio is a notice-pleading state, Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity. Notice pleading under Civ. R. 8(A)(1) and (E) requires that a claim concisely set forth only those operative facts sufficient to give fair notice of the nature of the action. Nevertheless, to constitute fair notice, the complaint must allege sufficient underlying facts that relate to and support the alleged claim; the complaint may not simply state legal conclusions.

*Montgomery v. Ohio State Univ.*, 2012-Ohio-5489, ¶ 20 (Ohio Ct. App. 10th Dist.) (citation modified); *See Storer v. Nat'l Coop. Bank*, 2024-Ohio-1676, ¶ 24, 242 N.E.3d 1242, 1252 (Ohio Ct. App. 4th Dist.) ("A complaint must allege (1) a legal cause of action and (2) facts which, if construed as true, would support that cause of action."); *Hernandez v. Riggle*, 2016-Ohio-8032, ¶ 16, 74 N.E.3d 822, 827 (Ohio Ct. App. 7th Dist.).

### B.  Application

While the undersigned ultimately agrees with Plaintiff that the more liberal state pleading standard should apply in determining whether remand is warranted, even under that standard Plaintiff has failed to show that remand is warranted.

### 1.  Allegations of the Complaint

Plaintiff alleges that he was hired by Pennex in November 2023 and worked for Pennex as a press team member.  (ECF No. 1-1 at 4).  Plaintiff was the only African American on his press team.  (*Id.*).  During his employment, Plaintiff complained to Pennex "about unlawful and discriminatory conduct regarding his race."  (*Id.* at 5).  Plaintiff also "applied for various open positions in the Die Shop and as a Press Operator for which he was qualified" but was not promoted.  (*Id.*).  Pennex suspended Plaintiff on February 25, 2025, and subsequently terminated his employment on February 27, 2025.  (*Id.* at 4).  "Upon information and belief, [the Individual Defendants] treated Plaintiff differently based upon his race, and participated in the decision to suspend and ultimately terminate Plaintiff's employment."  (*Id.* at 6-7).

### 2.  Count Two-Retaliation

Plaintiff's Count Two alleges retaliation in violation of Revised Code § 4112.02(I), which provides that it shall be an unlawful discriminatory practice for "any person to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice … or because that person has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing" regarding discrimination.

While Plaintiff argues Count Two was brought against the Individual Defendants, nothing in the text of Count Two would alert the parties that the claim was brought against anyone other than Pennex.  Notably, Plaintiff alleges that he "complained to Defendant *Pennex* about unlawful and discriminatory conduct regarding his race" and "Defendant's" (*singular*) conduct in terminating Plaintiff was retaliatory.  (ECF No. 1-1 at 5) (emphasis added).  Further, Plaintiff specifically alleges that he suffered damages "for which Defendant *Pennex* is liable."  (*Id.*) (emphasis added).  There is no mention of the Individual Defendants—or even a use of a generic

plural "Defendants"—anywhere in Count Two that would alert the parties that this claim was asserted against anyone other than Pennex nor are there any facts alleged to establish that Plaintiff has a colorable basis for a retaliation claim against the Individual Defendants.

### 3. Count Four-Aiding and Abetting

Plaintiff's Count Four—which in contrast to Count Two specifically lists the Individual Defendants by name—alleges that the Individual Defendants aided and abetted Pennex in discriminating against him in violation of Revised Code § 4112.02(J).  This section provides that it shall be an unlawful discriminatory practice for any person "to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice."  Ohio Rev. Code § 4112.02(J).

Here, the only factual allegations against the Individual Defendants include that they treated Plaintiff differently based on his race and participated in the decision to suspend and terminate him.  (ECF No. 1-1 at 6-7).  These allegations appear to address the elements of Plaintiff's claim, but Plaintiff fails to set out any facts—including, but not limited to, how each of the Individual Defendants "treated him differently" or what role they each played in his suspension/termination—to support his claim.  Thus, Plaintiff fails to include sufficient underlying facts to support an aiding and abetting clam against the Individual Defendants.  *See Storer*, 2024-Ohio-1676 at ¶¶ 25, 27 (plaintiff failed to state a discrimination claim where complaint alleged that plaintiff was pregnant and qualified to perform her job, her employer knew she was pregnant, and employer terminated her because she was pregnant but alleged "no set facts to support her legal conclusion that the [employer's] decision to terminate her" was motivated by her pregnancy); *Hernandez*, 2016-Ohio-8032 at ¶ 18 (plaintiffs alleging national origin discrimination by a labor

union failed to state a claim where complaint failed to allege facts showing plaintiffs applied for union membership, what the application process was, what the qualifications for membership were under the union bylaws and collective bargaining agreements, or that plaintiffs met the qualifications).

Because Plaintiff has failed to set forth sufficient underlying facts in support of his aiding and abetting claim against the Individual Defendants, and because such is the only claim in the complaint against the Individual Defendants, there is no colorable basis to predict that Plaintiff may recover against the Individual Defendants.  *See Casias*, 695 F.3d at 432.  Thus, Removing Defendants have established that the Individual Defendants were fraudulently joined, and remand is not warranted.

## V.      Conclusion

Based on the foregoing, it is RECOMMENDED that the Court DENY Plaintiff's motion to remand, ECF No. 9.


Dated: March 10, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

_____

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).