**IN UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARQUAIL WATKINS, | ) | CASE NO. 4:25-cv-02630 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **MEMORANDUM   OPINION   AND** |
| | ) | **ORDER** |
| PENNEX  ALUMINUM  COMPANY, | ) | |
| LLC, *et al.*, | ) | **(Resolving Docs. 4 and 9)** |
| | ) | |
| Defendants. | ) | |

**I.**

This case is about Plaintiff Marquail Watkins' claims that his former employer, Pennex Aluminum Company, LLC, and four of its employees discriminated against him because of his race in violation of Ohio law.  Plaintiff, who resides in Ohio, filed his lawsuit on October 23, 2025 in the Court of Common Pleas in Mahoning County, Ohio.  On December 3, 2025, Pennex and one of the individual defendants removed the lawsuit to this Court.  Later that month, Plaintiff moved to remand the case to state court based on the absence of complete diversity among the parties as required under 28 U.S.C. § 1332.  Defendants opposed this motion, arguing that the four individual non-diverse defendants named in the complaint were fraudulently joined.  The Court referred the motion to remand to the Magistrate Judge assigned to this case.

Now under review is the Magistrate Judge's report and recommendation (Doc.

1

13) which recommended denying Plaintiff's motion to remand this case to state court. Plaintiff timely filed objections (Doc. 14), and Defendants filed responses to those objections (Doc. 15).

Plaintiff's objections were specific and focused "on only those issues that were dispositive and contentious."  *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).  *See also Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute") (footnote omitted); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).    The  Court  must  now  determine  de  novo  any  part  of  the  report  and recommendation that has been properly objected to.  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

**II.**

The process of removing a lawsuit from state court to federal court and remanding it back to the state court usually entails unavoidable procedural complications.  This case is no exception.  The law governing the question left for the Court to resolve, however, is straightforward.

"A defendant is fraudulently joined if it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.' " *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012) (quoting *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (citation

omitted)). The omitted citation in *Alexander* reflects adoption of law from the Fifth Circuit where the Sixth Circuit quoted the following standard:

> "There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law. . . . One or the other at least would be required before it could be said that there was no real intention to get a joint judgment, and that there was no colorable ground for so claiming."

*Alexander*, *id.* (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). The Court quoted and adopted additional law from the Fifth Circuit that clarifies even more the task at hand.

> Therefore "the question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." [*Bobby Jones Garden Apartments*, *id.*] That same circuit restated the question as whether there was any "reasonable basis for predicting that [the plaintiff] could prevail." *Teddler v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).

*Alexander*, 13 F.3d at 949. *Accord Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) ("if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court").

Law from the Sixth Circuit provides further guidance for resolving the issue of remand. The removing party—Defendants in this instance—"bears the burden of demonstrating fraudulent joinder." *Alexander*, *id*. *Accord* S*utton v. Mountain High Investments LLC*, slip op., 2022 WL 1090926, at *3 (6th Cir. Mar. 1, 2022), *cert. denied*, __ U.S. __, 143 S. Ct. 305 (2022). Removal statutes are to be strictly construed. *Alexander*, *id.* (citing *Wilson v. U.S. Dept. of Agriculture*, 584 F.2d 137,

3

142 (6th Cir. 1978)). "The district court must resolve 'all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non removing party.' " *Coyne*, 183 F.3d at 493 (quoting *Alexander*, *id*.). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, *id*. (citing *Alexander*, *id*.).

## III.

This law, read against the facts of this case, requires the Court to reject the Magistrate Judge's report and recommendation and to grant Plaintiff's motion to remand. Plaintiff's fourth cause of action names four individual defendants: Kent Johnson, Kristen Colley, Sydney White, and Nathan McMurray. No one disputes that these four individuals are, like Plaintiff, Ohio citizens. Doc. 9, PageID #60. Defendants assert that Plaintiff fraudulently joined these individuals as defendants; therefore, their presence in the lawsuit does not defeat the Court's diversity jurisdiction. Doc. 10, PageID #69.

Defendants' assertion founders on the simple premise that the fourth cause of action pled in the complaint is for aiding and abetting the alleged employment-related discrimination in violation of Ohio Rev. Code § 4112.02(J). This statute provides:

> It shall be an unlawful discriminatory practice . . . (J) For any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.

Ohio Rev. Code § 4112.02(J).

In light of the alleged state law violations described in the fourth cause of action, this statute gives Plaintiff a legal basis for seeking recovery against the four non-diverse defendants.  The fourth cause of action lays out a reasonable or colorable basis for predicting that Plaintiff may recover against them.  Consequently, the four individual defendants are not fraudulently joined.

Federal courts have recognized this statute as a basis for a possible cause of action against individuals.  *See*, *e.g.*, *Schelle v. City of Piqua, Ohio*, slip op., 2025 WL 1592135 (6th Cir. June 5, 2025); *Little v. Blue Stream Rehab*, slip op., 2024 WL 1514542, at *5 (N.D. Ohio Apr. 8, 2024) ("[a] claim brought under § 4112.02(J) constitutes a discrete, statutory violation of Ohio law").  So, too, have Ohio courts. *See*, *e.g.*, *Hauser v. Dayton Police Dept.*, 140 Ohio St. 3d 268, 17 N.E.3d 554, 558 (Ohio 2014) (recognizing that § 4112.02(J) "holds individual employees liable for their participation in discriminatory practices"); *Dworning v. City of Euclid*, 119 Ohio St. 3d 83, 892 N.E.2d 420, 424-25 (Ohio 2008).

This legal analysis thus leaves us with the question: Is it clear that there can be no recovery under Ohio law on the cause alleged or on the facts in view of the law? The answer is no.  Plaintiff has shown a reasonable basis for predicting that the state law might impose liability on the facts involved.  Defendants, therefore, have not met their burden of showing that Plaintiff fraudulently joined the individual defendants.

The Court reaches this conclusion based on a review of the complaint alone even though the "more lenient" test for deciding a motion to remand would allow the Court to consider summary judgment evidence such as affidavits and other materials outside

the pleading itself.  *Casias*, 695 F.3d at 433 (citing and quoting *Walker v. Philip Morris USA, Inc.*, 443 F. App'x 946, 952-54 (6th Cir. 2011)).

Defendants contend that Plaintiff has shown no colorable basis for recovery against the four individuals named in the complaint.  Doc. 10, PageID #69; Doc. 15, PageID #110, 111.  The report and recommendation adopted this conclusion.  Doc. 13, PageID #101.  The complaint, however, undercuts this conclusion.  This is so especially when contested questions of fact and any ambiguities in the controlling state law are resolved in Plaintiff's favor, as they must be.  *Coyne*, 183 F.3d at 493.

The fourth cause of action for aiding and abetting the alleged discriminatory conduct in violation of Ohio Rev. Code § 4112.02(J) begins by incorporating by reference the complaint's previous paragraphs.  In those previous paragraphs, we learn that Johnson is a former supervisor at Pennex; that Colley is a current senior human resources generalist at Pennex; that White is a current human resources generalist at Pennex; and that McMurray is a current environmental health and safety manager at Pennex.  Doc. 1-1, PageID #12-13.

The first cause of action alleges that Pennex hired Plaintiff, who is African American, to be a press team member who operated and maintained an aluminum extrusion press that produces various metal products.  The complaint gives the dates of Pennex's alleged suspension and subsequent termination of Plaintiff.  Plaintiff alleges a pattern and practice of discrimination against African American workers, and further alleges that Pennex refused to promote, transfer, rehire, or recall him into other available positions for which he was qualified.  Doc. 1-1, PageID #14.

The second cause of action alleges that Plaintiff complained to Pennex about unlawful and discriminatory conduct.  The complaint further alleges that Pennex retaliated against Plaintiff for opposing such unlawful discriminatory conduct.

The third cause of action tells us that Plaintiff allegedly applied for various open positions for which he was qualified in the die shop as a press operator.  It also alleges that the open positions were filled by less qualified individuals outside the protected class.

The fourth cause of action, which as noted is expressly alleged against the four individual defendants, alleges that, upon information and belief, these four individuals "treated Plaintiff differently based upon his race, and participated in the decision to suspend and ultimately terminate Plaintiff's employment."  Doc. 1-1, PageID #16-17. It further alleges that, given this conduct, the individual defendants aided and abetted Pennex in discriminating against Plaintiff based upon his race and otherwise engaged in prohibited conduct as set forth in Ohio Rev. Code § 4112.02(J) by terminating Plaintiff's employment with Pennex.  Doc. 1-1, PageID #16-17.

These allegations demonstrate that Defendants have not met their burden of showing fraudulent joinder.  It is not clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law.  These allegations further demonstrate that there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved.  If proven true, they show that the four individual defendants aided and abetted in the discriminatory conduct that Plaintiff alleges given their supervisory, managerial, and human resources roles.  The

7

heavy burden of persuasion on Defendants to demonstrate fraudulent joinder has not been met.  *See Walker*, 443 F. App'x at 953 (quoting *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)); *Casias*, 695 F.3d at 433.

To be sure, the complaint does not provide many specifics as to how these individuals may have allegedly treated Plaintiff differently based on his race or the scope of their alleged participation in the decision to suspend and ultimately terminate Plaintiff's employment.  Those inquiries are reserved for a motion to dismiss—a different procedural mechanism governed by different legal standards as the law makes clear.  As Plaintiff predicts, Defendants will no doubt file a motion to dismiss upon remand.  Doc. 14, PageID #105.  That is their prerogative.  But to treat a motion to remand in the same or virtually the same way as a motion to dismiss would require the Court to conflate improperly the two different procedural tools for challenging a complaint.  Moreover, to do so would be to ignore the separate and distinct law governing each of these motions.

Accordingly, for the reasons stated above, the Court REJECTS the Magistrate Judge's report and recommendation (Doc. 13).  Further, the Court GRANTS Plaintiff's motion to remand (Doc. 9), and DENIES AS MOOT the motion of Defendants Pennex Aluminum Company, LLC and Kristen Colley to partially dismiss the complaint of Plaintiff (Doc. 4) in light of this order.  This case is remanded back to the Court of Common Pleas of Mahoning County, Ohio.

IT IS SO ORDERED.

Dated: May 13, 2026                    /s/ John R. Adams
                                       JOHN R. ADAMS
                                       UNITED STATES DISTRICT JUDGE